Deadeeick, J.,
delivered the .opinion of the court.
This cause was before this court at its September Term, 1869, at which time it was held that the plea *186 in abatement filed by the defendants was sufficiently verified for the purposes of this cause. It was further adjudicated that as against Eifler the evidence of an intent fraudulently to convey his property was sufficient to authorize an attachment against his property, and that the Chancellor should have rendered a decree against him.
The decree of the Chancellor as to Eifler was reversed, and the cause remanded to the Chancery Court with directions to ascertain the amount due to complainants, and to render a decree in their favor for the amount so ascertained, and to make the necessary orders and decrees for the satisfaction of that decree. 7 Col., 32.
It was further held that the title of Davenport, trustee, in the deed of assignment made by Eifler to the property alleged to have been assigned was not in issue, and that in order to an adjudication upon the question of the validity of his title, he should have put that matter in issue by proper pleadings, so as to enable the court to pass upon it.
Davenport had become a party upon his petition, and then united with Eifler in the plea in abatement. The court held that Davenport had ho interest in the question of complainant’s right to an attachment against Eifler, unless said attachment interfered with his rights to the property attached, and dismissed the bill as to him, but without prejudice. Upon the cause being remanded to the Chancery Court, Davenport was allowed to become a party defendant upon his application, and he filed his answer to the complainant’s bill, *187 exhibiting with his answer the assignment of Eifler to him as trustee for certain creditors therein named. In this answer he claims the property levied on by attachment by virtue of said assignment to him, which he insists was acknowledged and registered before the levy of the attachment, and also because as to some of the articles claimed to have been attached, the levy was vague and uncertain, and therefore void. Davenport died, and Jos. Gratz was appointed trustee in his stead.
After the cause was remanded to the Chancery Court, Eifler filed, on the 28th of April, 1870, his cross bill in said cause, representing that on the 26th of December, 1868, he had filed his petition in the District Court of the United States for the Eastern District of Tennessee, for the adjudication of himself as a bankrupt, and that on the 29th of July, 1869, a discharge was granted him from all his debts, etc. Upon the foregoing facts we are of opinion that it has been judicially determined in this case that Eifler\s property was liable to the attachment issued in this case, and we are further of opinion that the trustee and his surety in the replevin bond are liable to complainants for the amount of their debt, unless the record shows that the assignment was registered or noted for registration before the levy of the attachment. It appears that the assignment was left with M. L. Hall on the day the attachment was levied; that Hall was Clerk of the Circuit and District Court of the United States, and kept his office in the rear of the court house, and that H. M. Aiken, the Dep *188 uty Register of Knox county, kept the Register’s' books in his (Hall’s) office. Hall says that on the 18th of August, 1866, Aiken was absent, and the deed of assignment was brought into his (Hall’s) office, and he made the following endorsement on said deed: “ Received August 18, 1866, 10 o’clock a.m.” Hall states he was neither Register nor Deputy Register at the time, but made the memorandum to enable Mr. Aiken to know the time when the deed was brought to the office for registration; that he made no entry on the note book in the Register’s office. Aiken, the Deputy Register, shows that the deed was not in fact registered for several days after it was left at the office, and was not entered upon the note book until after the levy of the attachment, although the counsel of complainants had notice of its execution before the levy of the attachment. But the rights of an attaching creditor are not affected by notice of a previous unregistered deed, and the question to be determined is, was the deed of assignment registered, or noted for registration, within the requirements and meaning of our statutes, before the levy of the attachment. Sec. 454 of the Code requires the register to keep a book in which he shall note the day and the hour at which instruments were left with him for registration. Secs. 2072 to 2075 inclusive, show that to give validity to an instrument as a registered paper as against creditors, or bona fide purchasers without notice, there must be an actual registration of the instrument, or it must be noted for registration in the manner and by the officer prescribed by the statute.
*189 "Without discussing, therefore, the question as to whether the pleadings in this case are of such character as to' authorize the trustee to assert his rights to the attached property, we are of opinion that the assignment was not registered or noted for registration in time and manner so as to defeat the attaching creditor.
Upon the coming in of the cross bill of Eifler, and the certificate of his discharge in bankruptcy, the Chancellor declined to give a personal judgment against him for complainant’s debt, but gave a decree against the trustee and his surety, allowing them to discharge themselves by delivery of the property attached, except two mirrors, or so much thereof as might be sufficient for the satisfaction of complainants debts, and in the event the property was delivered he ordered it to be sold for the satisfaction of the debt.
In this we think there was no error, and we affirm the decree.